UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISY OZIM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY & COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case Nos. 20-cv-05353-PJH;<br>　　　　　　20-cv-05465-PJH<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE**<br><br>Re: Dkt. No. 11 |

　　　　On August 19, 2020, the court granted plaintiff's application to proceed in forma pauperis and reviewed the complaint pursuant to Title 28 U.S.C. § 1915. Dkt. 10. In her complaint, plaintiff alleged that San Francisco Board of Supervisor Matt Haney ("Haney") collaborated with two assailants to "gangstalk, silence, and murder" her. Dkt. 1 (Compl.) at 5. According to plaintiff, Haney took this action because she forced him into a sort of ultimatum—namely, (1) Haney "dispel" the slander he had previously made against her or (2) she would take legal action against him. Id. Plaintiff attempted to contact defendants District Attorney Chesa Boudin ("Boudin") and City Attorney Dennis Herrera ("Herrera") to investigate Haney. Id. at 6. Boudin and Herrera, however, "blocked" plaintiff's emails. Id. Other authorities, including the San Francisco Policy Department, similarly ignored plaintiff's requests to initiate an investigation. Id. at 7. Following its § 1915 review, the court found that the factual contentions asserted in the complaint were baseless. Dkt. 10 at 2. The court dismissed the complaint. Id. It permitted plaintiff an opportunity to amend, provided that she "plead fact-based allegations supporting her claims." Id.

　　　　On September 15, 2020, plaintiff filed her operative first amended complaint

1   ("FAC"). Dkt. 11.  Before the court reviewed it, plaintiff filed a notice of appeal of the
2   August 19 order.  Dkt. 13 (Notice of Appeal mistakenly addressed to the Federal Circuit);
3   Dkt. 14 (Notice of Appeal addressed to the Ninth Circuit).  On December 14, 2020, the
4   Ninth Circuit dismissed plaintiff's appeal for lack of jurisdiction.  Dkt. 17.  The FAC is now
5   ripe for § 1915 review by this court.

6       The court concludes that the FAC fails to cure the underlying deficiency identified
7   by the court in its August 19 order.  Critically, plaintiff relies on a materially similar theory
8   of liability to that previously advanced and rejected.  The thrust of the FAC is that Haney
9   "collaborated with two other assailants" and "facilitated the first of several attempts to
10  murder plaintiff."  FAC at 5.  Haney did so because "[p]laintiff asked Haney to either
11  release a statement dispelling the slander had had facilitated against her" or "she was
12  going to take official legal action as well as release a statement out to the community . . ."
13  Id.  Based on the court's review, many (if not most) of the FAC's allegations in support of
14  this theory were adopted verbatim from the complaint.  Compare Compl. at 5.

15      The FAC also repeats the complaint's allegations that Herrera and Boudin
16  "blocked" plaintiff following her attempt to galvanize an investigation into Haney.  Id. at 6.
17  Plaintiff further repeats her allegations that her efforts to have Haney investigated have
18  largely gone ignored by authorities.  Compare Compl. at 7 ("After not receiving any
19  contact for three weeks [from the San Francisco Police Department], the plaintiff called
20  the station to initiate an investigation or speak to an investigator, the officers at SFPD
21  Northern station then told the plaintiff her case was not stationed at any station and to call
22  the general office at 850 Bryant . . . When plaintiff contacted the 850 Bryand office, she
23  was interviewed . . . After another two weeks, she called back and her number had been
24  blocked from calling the 850 Bryant office.") with FAC at 7 (same).

25      Based on the court's review, the only notable factual difference between these
26  pleadings is its inclusion of San Francisco Mayor London Breed ("Breed") as a defendant.
27  FAC at 4,6.  Such inclusion, however, is entirely improper given the court's prior
28  specification that "[n]o additional parties may be added to the amended complaint without

leave of court," Dkt. 10, which plaintiff failed to seek.  In any event, the allegations pertaining to Breed do not alter the gravamen of plaintiff's theory of liability.  If anything, because such allegations concern Breed's purported involvement in the conspiracy against plaintiff, FAC at 6 ("Haney and Breed, utilizing their position and proximity to the other elected officials involved lied to the two individuals in order to continue silencing plaintiff and blocking the civil and criminal process"), they underscore the FAC's baselessness.

As stated by the court in its August 19 order, factual contentions are "clearly baseless" when they "rise to the level of the irrational or the wholly incredible" or describe "fantastic or delusional scenarios."  Dkt. 10 (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)).  The court permitted plaintiff an opportunity to amend her complaint to identify and allege a cognizable factual basis to support her claims.  Opting to stand by her complaint's factually deficient contentions, she failed to do so.  Given that failure, no further amendment is warranted.  Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").  Accordingly, the court **DISMISSES** this action with prejudice pursuant to Title 28 U.S.C. § 1915.[1]

**IT IS SO ORDERED.**

Dated: January 12, 2021

                                        /s/ Phyllis J. Hamilton
                                        PHYLLIS J. HAMILTON
                                        United States District Judge

---

[1] Plaintiff filed a complaint in Ozim v. City and County of San Francisco, et al., 20-cv-5465, that was a duplicate of the original complaint in this case.  The court related the 5465 action to its docket on August 19, 2020.  Because the cases are identical, the court's order in this case extends to the 20-5465 action.